# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| TROY LYNN BAKER | § |
| | § Civil Action No. 4:17-CV-020 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| | § |
| COMMISSIONER, SSA | § |
| | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 5, 2018, the report of the Magistrate Judge (Dkt. #17) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of Social Security be affirmed. Having received the report of the Magistrate Judge, having considered Plaintiff Troy Lynn Baker's timely filed Objection (Dkt. #18), the Commissioner's Response (Dkt. #19), and having conducted a de novo review of Plaintiff's claims and all relevant pleadings, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #17) as the findings and conclusions of the Court.

## BACKGROUND

The facts in this case have been set forth in detail by the Magistrate Judge, and need not be duplicated in their entirety herein (*see* Dkt. #17). In summary, on March 8, 2013, Plaintiff filed his application for disability income benefits ("DIB") under Title II of the Social Security Act ("Act"), alleging an onset of disability date of April 6, 2011 (TR 16). Plaintiff alleged impairments of back injury, neck injury, depression, overflow incontinence, high blood pressure, and walking

assistance with a cane as medical and physical conditions that limit his ability to work (TR 22, 190). Plaintiff's claims were initially denied by notice on August 6, 2013, and again upon reconsideration on January 27, 2014 (TR 16). Plaintiff requested an administrative hearing (TR 131–32), which the Administrative Law Judge ("ALJ") held on December 9, 2014 (TR 16, 52–89). At hearing, the ALJ heard testimony from Plaintiff, who was represented, and a vocational expert. On April 29, 2015, the ALJ issued a decision denying benefits and finding Plaintiff not disabled at step five of the sequential evaluation process. Plaintiff requested review of the ALJ's decision on June 29, 2015 (TR 10–12), which the Appeals Council denied on November 9, 2016, making the decision of the ALJ the final decision of the Commissioner (TR 1–5). On January 9, 2017, Plaintiff filed his Complaint in this Court (Dkt. #1). On April 20, 2017, the Administrative Record was received from the Social Security Administration (Dkt. #10). Plaintiff filed his Brief on May 22, 2017 (Dkt. #12), and the Commissioner filed a Brief in Support of the Commissioner's Decision on July 21, 2017 (Dkt. #13). Plaintiff filed his reply brief on July 31, 2017 (Dkt. #16). On February 5, 2018, the Magistrate Judge issued a Report and Recommendation (Dkt. #17). On February 13, 2018, Plaintiff filed his Objection to the Recommendation of the United States Magistrate Judge (Dkt. #18). On February 27, 2018, the Commissioner filed a Response to Plaintiff's Objection (Dkt. #19).

## PLAINTIFF'S OBJECTION

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects to the Magistrate Judge's conclusion — that even if the ALJ erred in failing to

find Plaintiff's chronic pain syndrome a severe impairment at step two, such error was harmless (Dkt. #18).

*No Harm at Step Two*

Plaintiff objects, as he did in his original briefing, that the ALJ erred in failing to identify Plaintiff's chronic pain syndrome as a severe disability at step two. The Magistrate Judge in analyzing this argument, stated:

> the ALJ found at step two, that Plaintiff had the severe impairments of 'degenerative disc disease and status post knee repair surgery'. . . .[but] did not however find Plaintiff's chronic pain syndrome to be severe. Even were the Court to assume this failure by the ALJ constitutes error, such error would be harmless because, the ALJ, at step four, specifically included limitations taking into account the effects of Plaintiff's pain. The ALJ's RFC analysis discusses in detail: Plaintiff's subjective complaints of pain and hearing testimony related to his pain, Plaintiff's treating and examining physicians' opinions, and Plaintiff's medical records.

(Dkt. #17 at p. 11). Plaintiff asserts that the Magistrate Judge's conclusion is erroneous because "such finding ignores the nature of chronic pain syndrome; that it manifests in disproportionate pain and other symptoms such as muscle spasms, fatigue, tenderness, depression, and anxiety" (Dkt. #18 at p. 2). Plaintiff continues, "[a]s the ALJ never acknowledged chronic pain syndrome as a medically determinable impairment at step two, it is merely conjecture that it was considered at later steps of the sequential disability analysis. . . . With no indication that the ALJ recognized the condition, [Plaintiff] contends that it cannot be said that the ALJ considered the condition in the later steps of the disability analysis" (Dkt. #18 at pp. 2–3). The Magistrate Judge correctly addressed Plaintiff's argument in the underlying report:

> Plaintiff contends that the ALJ only considered Plaintiff's pain symptoms, and erred by failing to consider all of Plaintiff's symptoms associated with his chronic pain syndrome, namely, spasms, fatigue, depression, and anxiety. The Court disagrees. The ALJ properly considered the symptoms associated with Plaintiff's chronic pain syndrome, including his symptoms of spasms, fatigue, depression, and anxiety, in his Step Four analysis [TR 22-26]; *see also Jones v. Berryhill*, No. C16-

3

5911-RSM, 2017 WL 3614252, at *7 (W.D. Wash. Aug. 23, 2017) (the court affirmed the ALJ's decision where "Mr. Jones fail[ed] to explain how error resulted from the ALJ's failure to consider chronic pain as a separate impairment rather than an alleged symptom. . . .[and] failed to identify evidence indicating that the diagnosis of chronic pain produced pain or symptoms independent of or different from those discussed by the ALJ with respect to his other various impairments. The ALJ thoroughly discusse[d] Mr. Jones allegations of pain throughout the decision and properly discounted Mr. Jones' symptom testimony.").

(Dkt. #17 at p. 11, n. 2). The record does not support Plaintiff's contention that the ALJ's RFC finding "ignores the nature of chronic pain syndrome" (Dkt. #18 at p. 2), or that the ALJ failed to consider Plaintiff's chronic pain syndrome in the later steps of the Determination (Dkt. #18 at p. 3). Indeed, here, as the Magistrate Judge found, the record depicts the ALJ's consideration of Plaintiff's chronic pain syndrome symptoms, including specifically spasms, fatigue, depression, and anxiety, in his Step Four analysis (TR 22–26). In the Determination, the ALJ discussed Plaintiff's symptoms, including that "[Plaintiff] initially alleged that he was disabled due to. . . depression. . . .He indicated that his pain sometimes made it difficult to get along with others" (TR 22); "[Plaintiff] reported no depression, anxiety, and no psychotic symptoms" (TR 23); "[Plaintiff] reported that he had continued chronic pain. . . .Dr. Lopez diagnosed [Plaintiff] with chronic pain syndrome" (TR 24); "[Plaintiff] reported that his pain caused a significant disability with general activity, mood, walking ability, normal work relations with other people, sleep, and enjoyment of life. . . .Dr. Sundaresan also noted that there were no significant psychiatric comorbidities, except chronic depression which was consistent with [Plaintiff's] chronic pain condition" (TR 24); "Dr. Sundaresan opined that [Plaintiff] had chronic pain that was unlikely to be cured by surgery and noted that the chronic pain decreased [Plaintiff's] quality [of] life and physical and psychosocial functioning" (TR 25). Notably, Plaintiff has failed to cite any record provisions to the contrary or legal authority in support of his position. Accordingly, Plaintiff's Objection is overruled.

4

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #17), having considered Plaintiff's timely filed Objection (Dkt. #18), the Commissioner's Response (Dkt. #19), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #17) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

**IT IS SO ORDERED.**

 **SIGNED this 13th day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE